Gene H. Shioda, Bar No. 186780
James A. Kim, Bar No. 220763
LAW OFFICE OF GENE H. SHIODA
5901 West Century Blvd. Suite 750
Los Angeles, CA 90045
Telephone: (310) 348-7222
Facsimile: (310) 348-7220

Attorneys for Movant
YIDAN HAN

# IN THE UNITED STATES DISTICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

YIDAN HAN

              Plaintiff,

vs.

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

              Defendants.

Case No.

**MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978**

<u>MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978</u>

    I, YIDAN HAN, provide this sworn statement in support of the motion for an order pursuant to the Customer Challenge Provision of the Right To Financial Privacy Act as follows:

MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

1.    The statement has been translated to me from English to Chinese.

2.    I am now and was a customer of Bank of America N.A. ("Bank of America").

3.    The United States District Court for the Central District of California has jurisdiction over my place of residence pursuant to 28 U.S.C.1391(e).

4.    I am informed and based thereon state that the National Banking Association principal executive office at the Bank of America Corporate Center, 100 North Tryon Street, Charlotte, NC 28255.

5.    The subpoena is directed to the Custodian of Records, of Bank of America, N.A., addressed at 800 Samoset Drive, Newark, DE 19713.

6.    I am the customer whose records are being requested by the United States Securities and Exchange Commission (the "Commission") as described in the attached subpoena.

7.    A true and correct copy of the notice and subpeona is attached hereto and marked as **Exhibit A.**

8.    The financial records sought by the United States Securities and Exchange Commission are not relevant to the legitimate law enforcement inquiry stated in the attached notice and the grounds are set forth below

9.    The notice discloses an investigation in the matter of Clear Channel Outdoor Holdings, Inc., file number HO-13497 and that a formal order of

Page 2

MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

investigation was entered in the matter.   I am not a party to the matter.

10.    The notice further discloses "the attached subpoena was issued pursuant to the formal order of investigation, and the information sought is to assist the Commission in determining the issues set forth in the formal order of investigation."  Upon receipt of the subpoena, I requested, through my counsel, a copy of the formal order of investigation, but have not received a copy to date. Accordingly, I have no method to determine whether the subpoena is related in any manner to the matter, and have no method to determine whether the inquiry is law enforcement related or legitimate.

11.    The notice further discloses that the " order states that the Commission deems certain acts and practices to be in possible violation of Sections 13(b)(2)(A), 13(b)(2)(B), 13(b)(5), and 30A of the Securities Exchange Act of 1934 (the "Exchange Act") and Exchange Act Rules 13b2-1 and 13b2-2(b )."  However, nothing in the notice or subpoena sets forth any predicate claims, facts, or allegations showing how my personal bank records are the subject of law enforcement inquiry.  I have not been charged with any violations of the cited Exchange Act provisions.

12.    The subpoena attached to the notice describes the information as the following:

For Account No. 325098591316 and any other accounts in the name of, for

MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

the benefit of, or over which Yidan Han exercised control:

a. All forms, applications, and other account opening and closing for each account including signature cards;

b. All powers of attorney or any other form of authority with respect to each account;

c. All monthly and quarterly account statements for each account from the date of accounting opening through the present;

d. An electronic spreadsheet in Microsoft Excel identifying funds transfers over $5,000 into and out of each account, if possible:

e. All back-up documents concerning fund transfers over $5,000, including transfer instructions, authorizations, approvals, due diligence of the originator or recipient, wire transfer memoranda and receipts, checks, and electronic transaction records showing the originator or recipient, the originating or receiving account number, and the originating or receiving financial institution;

f. Documents sufficient to identify, by name and title, all account representatives assigned to each account since the account(s) was (were) opened;

g. All internal and external correspondence related to each account since the date of account opening.

MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

Accordingly, the subpoena is not limited in any manner to transactions with any particular party, particular time periods, or any particular type of transaction.

13.     The subpoena shows no attempt to limit disclosure to any scope of legitimate law enforcement inquiry and shows no attempt to avoid disclosure of non-relevant material.

14.     The notice accompanying the subpoena also discloses that "[t]hese records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event (except as provided by law)" I will receive notice only after the transfer of the records.

15.      Because the Commission have ignored my request for a copy of the formal order of investigation, and because no pleadings or records in the cited matter was provided to me, the ability to effectively challenge the subpoena under the Right To Financial Privacy Act is unfairly prejudiced.

16.     Accordingly, on that basis I assert that there has not been a substantial compliance with the Right to Financial Privacy Act of 1978 in that I have not been provided information needed to challenge the subpoena, the description or scope of the criminal or law enforcement investigation or inquiry.

17.     The Commission identifies the subpoena as issued pursuant to a formal order of investigation entered in a matter that I am not a party to and have not been provided any charges, criminal or civil, at-issue in the matter.

Page 5

MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

18.     Customer challenge pursuant to the provisions of the Right to Privacy Act are limited to whether the subpoenaed documents are relevant to the inquiry, and without a description of the inquiry, or factual predicate for my involvement in a matter I am not a party to, I am denied my statutory right to exercise the challenge.

19.     Additional legal grounds to quash, deny or limit the subpoena are as follows:

The documents sought are overbroad and include documents unrelated to any charge of violation to the cited sections of the Exchange Act.

The documents sought by subpoena include transaction documents that  disclose third-party financial information and makes no attempt to limit or require redaction of unrelated third parties.

The subpoena is not supported by any showing of a relationship between the documents sought and any legitimate law enforcement inquiry.

The subpoena is issued without my consumer consent and any disclosure by the bank violates California Financial Information Privacy Act (CFIPA") prohibitions against financial institutions from disclosing nonpublic personal information without consent.

Under the laws of the United States of America, I sign this declaration in the

MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

1   County of Los Angeles, State of California

2

3

4

5   Dated: May 28, 2019       By: _Yidan Han_____

6                          YIDAN HAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOVANT'S SWORN STATEMENT IN SUPPORT OF MOTION FOR ORDER PURSUANT
TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY
ACT OF 1978

EXHIBIT A



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F. Street N.E. SPIII
Washington, D.C. 20549-5631

DIVISION OF
ENFORCEMENT

Tracy Linkins Price
Deputy Chief, FCPA Unit

Telephone:  (202) 551-4490
Email:  PriceT@sec.gov

May 13, 2019

Ms. Han Yidan
c/o Gene H. Shioda
5901 W. Century
Suite 750
Los Angeles, California 90045

Re:  *In the Matter of Clear Channel Outdoor Holdings, Inc. (HO-13497)*

Dear Ms. Han:

Records or information concerning your transactions held by the financial
institution named in the attached subpoena are being sought by the United States
Securities and Exchange Commission (the "Commission") in accordance with the Right
to Financial Privacy Act of 1978, 12 U.S.C. 3401-22.  On November 1, 2018, the
Commission entered a formal order of investigation captioned, *In the Matter of Clear
Channel Outdoor Holdings, Inc., File No. HO-13497*.  The attached subpoena was issued
pursuant to the formal order of investigation, and the information sought is to assist the
Commission in determining the issues set forth in the formal order of investigation.  That
order states that the Commission deems certain acts and practices to be in possible
violation of Sections 13(b)(2)(A), 13(b)(2)(B), 13(b)(5), and 30A of the Securities
Exchange Act of 1934 (the "Exchange Act") and Exchange Act Rules 13b2-1 and 13b2-
2(b).  You may arrange to review a copy of the formal order, if you have not already done
so, by contacting me.

The authority for this investigation is Section 21(a) of the Securities Exchange
Act of 1934.  If you would like a copy of the authority for this investigation, please
contact me.

If you want such records or information not to be made available, you must:

(1)     Fill out the accompanying motion paper and sworn statement, or write one
of your own, stating that you are the customer whose records are being requested

by the Commission and giving either the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2)     File the motion and sworn statement (together with the applicable filing fee) by mailing or delivering them to the Clerk of any one of the following United States District Courts:

     a.  District of Columbia.

     b.  District Court with jurisdiction over the financial institution.

     c.  District Court with jurisdiction over your place of residence.

     d.  Any other District Court that is appropriate under 28 U.S.C. 1391(e).

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice.)

(3)     Serve the Commission by mailing (by registered or certified mail) or by delivering a copy of your motion and sworn statement to:

           Charles E. Cain
           Chief, FCPA Unit
           Securities and Exchange Commission
           100 F St, N.E.
           Washington, DC 20549

           and

           Richard M. Humes
           Associate General Counsel
           Securities and Exchange Commission
           100 F St., N.E.
           Washington, DC 20549

(4)     Be prepared to come to court and present your position in further detail.

(5)     You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of the earlier of ten days from the date of service or fourteen days from the mailing of this notice, the records or information requested therein will be made available to the Commission. These records may be transferred to other government authorities for legitimate law enforcement inquiries, in which event (except as provided by law), you will be notified

after the transfer.

Providing this notice to you shall not be construed as a waiver by the Commission of any right it may have to assert that the provisions of the Right to Financial Privacy Act of 1978 do not require such a notice.

Very truly yours,

Tracy Linkins Price
Deputy Chief, FCPA Unit

Enclosures:

Subpoena
Instructions
Motion Form
Certificate of Service
Sworn Statement Form



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
100 F. Street N.E. SPIII
Washington, D.C. 20549-5631

DIVISION OF
ENFORCEMENT

Tracy Linkins Price
Deputy Chief, FCPA Unit

Telephone:  (202) 551-4490
Email:  PriceT@sec.gov

May 13, 2019

Custodian of Records
ATTN: Sean C. Rash
Operations Team Manager
Bank of America, N.A.
Legal Order and Case Resolution Operations
DE5-024-02-08
Christiana IV, 800 Samoset Drive
Newark, DE  19713

Re:   *In the Matter of Clear Channel Outdoor Holdings, Inc., HO-13497*

Dear Sir or Madam:

The staff of the Securities and Exchange Commission is conducting an investigation in the matter identified above. The enclosed subpoena has been issued to you as part of this investigation. The subpoena requires you to give us documents and provide sworn testimony. Please note that if you comply with the instructions for producing documents, you will not need to appear for testimony at the indicated time.

Please read the subpoena and this letter carefully. This letter answers some questions you may have about the subpoena. You should also read the enclosed SEC Form 1662. If you do not comply with this subpoena, the SEC may bring an action in Federal Court to enforce this subpoena. Failure to comply with a court order enforcing this subpoena may result in the court imposing a fine, imprisonment or both.

**Producing Documents**

*What materials do I have to produce?*

The subpoena requires you to give us the documents described in the attachment to the subpoena. You must provide these documents by June 10, 2019. The attachment to the subpoena defines some terms (such as "document") before listing what you must provide.

Please note that if copies of a document differ in any way, they are considered separate documents and you must send each one. For example, if you have two copies of the same letter, but only one of them has handwritten notes on it, you must send both the

clean copy and the one with notes.

If you prefer, you may send us photocopies of the originals. The Commission cannot reimburse you for the copying costs. The copies must be identical to the originals, including even faint marks or print. If you choose to send copies, you <u>must</u> keep the originals in a safe place. The staff will accept the copies for now, but may require you to produce the originals later.

If you <u>do</u> send us photocopies, please put an identifying notation on each page of each document to indicate that it was produced by you, and number the pages of all the documents submitted. (For example, if Jane Doe sends documents to the staff, she may number the pages JD-1, JD-2, JD-3, etc., in a blank corner of the documents.) Please make sure the notation and number do not conceal any writing or marking on the document. If you send us originals, please <u>do not</u> add any identifying notations.

Copies of documents and information provided in electronic formats must comply with the technical requirements set out in the attached copy of the SEC's Data Delivery Standards. You should contact me prior to production in an electronic format other than those identified in the Data Delivery Standards.

**Certain of the information called for by the subpoena may constitute "financial records" of a "customer" within the meaning of the Right to Financial Privacy Act of 1978 [12 U.S.C. 3401-22] (the "RFPA"). Pursuant to Section 1103(b) of the RFPA [12 U.S.C. 3403(b)], you may not release these records to us until I have furnished you with a certificate of compliance with the applicable provisions of that act. I expect to send you such a certificate in approximately 14 days.**

### *Do I need to send anything else?*

You should enclose a list briefly describing each item you send. The list should state which paragraph(s) in the subpoena attachment each item responds to.

Please include a cover letter stating whether you believe you have met your obligations under the subpoena by searching carefully and thoroughly for everything called for by the subpoena, and sending it all to us.

Pursuant to Section 1115 of the RFPA [12 U.S.C. 3415], you may be entitled to reimbursement for certain costs incurred in complying with this subpoena. In order to obtain reimbursement, you must submit an itemized bill or invoice to me; I ask that you submit your invoice within 30 days after production.

I have attached a Declaration Certifying Records; execution of the declaration may allow the Commission to introduce documents provided by Bank of America, N.A. in any subsequent judicial proceeding, without requiring the testimony of your custodian of records should the documents be required at trial.

### *What if I do not send everything described in the attachment to the subpoena?*

The subpoena requires you to send <u>all</u> the materials described in it. If, for any reason -- including a claim of attorney-client privilege -- you do not produce something called for by the subpoena, you should submit a list of what you are not producing. The

list should describe each item separately, noting:

- its author(s);
- its date;
- its subject matter;
- the name of the person who has the item now, or the last person known to have it;
- the names of everyone who ever had the item or a copy of it, and the names of everyone who was told the item's contents; and
- the reason you did not produce the item.

If you withhold anything on the basis of a claim of attorney-client privilege or attorney work product protection, you should also identify the attorney and client involved.

Please send the documents required by the subpoena to:

ENF-CPU
United States Securities and Exchange Commission
100 F Street, N.E., Mail Stop 5973
Washington, D.C. 20549-5973

Smaller electronic productions (under 10MB) may be sent to the following e-mail address: ENF-CPU@sec.gov.

### Testifying

*Where and when do I testify?*

The subpoena requires you to come to the Commission's offices at 100 F Street, NE, Washington, DC 205498 on June 10, 2019, to testify under oath in the matter identified on the subpoena. Your testimony will be recorded by audio means. But, as noted above, if you comply with all the directions for producing documents, we will not require you to testify at the indicated time. We may require your testimony later, however.

### Other Important Information

*May I have a lawyer help me respond to the subpoena?*

Yes. You have the right to consult with and be represented by your own lawyer in this matter. Your lawyer may also advise and accompany you when you testify. We cannot give you legal advice.

*What will the Commission do with the materials I send and/or the testimony I provide?*

The enclosed SEC Form 1662 explains how we may use the information you provide to the Commission. This form also has other important information for you. Please read it carefully.

*Has the Commission determined that anyone has done anything wrong?*

3

This investigation is a non-public, fact-finding inquiry. We are trying to determine whether there have been any violations of the federal securities laws. The investigation and the subpoena do not mean that we have concluded that you or anyone else has violated the law. Also, the investigation does not mean that we have a negative opinion of any person, entity or security.

*Important Policy Concerning Settlements*

Please note that, in any matter in which enforcement action is ultimately deemed to be warranted, the Division of Enforcement will not recommend any settlement to the Commission unless the party wishing to settle certifies, under penalty of perjury, that all documents responsive to Commission subpoenas and formal and informal document requests in this matter have been produced.

*I have read this letter, the subpoena, and the SEC Form1662, but I still have questions. What should I do?*

This inquiry is confidential and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, nor as a reflection upon any person, entity, or security. If you have any questions concerning this matter, you may have your attorney call Mark Yost at 202 551-4903 or Christine Neal at 202 551-4920.

Very truly yours,

Tracy Linkins Price
Deputy Chief
FCPA Unit

Enclosures:

SEC Form 1662
Subpoena
Attachment to the Subpoena
SEC Data Delivery Standards
Declaration Certifying Records



## SUBPOENA

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

### In the Matter of Clear Channel Outdoor Holdings, Inc., HO-13497

To:    Custodian of Records
       ATTN: Sean C. Rash
       Operations Team Manager
       Bank of America, N.A.
       Legal Order and Case Resolution Operations
       DE5-024-02-08
       Christiana IV, 800 Samoset Drive
       Newark, DE  19713

**YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission at the place, date and time specified below:

100 F Street, N.E., Mailstop 5631, Washington, D.C. 20549, on June 10, 2019.

**YOU MUST TESTIFY** before officers of the Securities and Exchange Commission at the place, date and time specified below:

100 F Street, N.E., Mailstop 5631, Washington, D.C. 20549, on June 10, 2019.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA**.
Failure to comply may subject you to a fine and/or imprisonment.

By:  _Tracy J. Price_                          Date:  _May 13, 2019_

Tracy Linkins Price
Deputy Chief / Assistant Director
FCPA Unit
United States Securities and Exchange Commission
100 F Street, N.E., Mailstop 5631
Washington, D.C.  20549
(202) 551-4421

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter.  The Securities and Exchange Commission has issued a formal order authorizing this investigation under Section 21(a) of the Securities Exchange Act of 1934.

ATTACHMENT
Bank of America, N.A.
May 13, 2019

## Definitions and Rules of Construction

A.    As used in this attachment the term "Bank of America" means Bank of America, N.A. and its present and former subsidiaries, affiliates, predecessors, successors, officers, directors, agents, employees, shareholders, partnerships, partners including finders, promoters, consultants, attorneys, auditors, and accountants, and any aliases, code names, trade names, or business names used by any of the foregoing.

B.    As used in this attachment the term "documents" means all records, materials, and other tangible forms of expression however and by whomever created, produced, or stored (manually, mechanically, electronically, or otherwise), including, but not limited to, work papers, papers, reports, files, correspondence, notes, memoranda (including notes and memoranda of communications or meetings), graphs, charts, research, analyses, ledger sheets, periodic account statements, confirmations, telegrams, telexes, facsimiles, telephone logs, checks (front and back), drafts for money, wire transfer receipts and requests, confirmations of wire or cash transfers, deposit slips, invoices, bills, bills of lading, records of billings, records of payment, summaries of interviews, transcripts, calendars, datebooks, worksheets, contracts, agreements, bank statements, videotapes, audiotapes, and other permanent voice and image recordings (including voice-mail), magnetic tapes, computer printouts, computer tapes, disks, diskettes, disk packs, and other electronic media (including electronic-mail), microfilm, microfiche, and other storage devices.  The term "documents" includes finished versions and drafts of documents; it also includes the original document (or copy thereof if the original is not available) and all copies that differ in any respect from the original.

C.    As used in this attachment the term "concerning" means concerning, referring to, pertaining to, reflecting, describing, evidencing, or constituting.

D.    As used in this attachment the terms "and" and "or" shall be construed as both disjunctive and conjunctive to bring within the scope of the attachment all responses that might otherwise be construed outside of its scope.

E.    As used in this attachment the term "all" shall be construed as any, all, each, and every.

F.    As used in this attachment the singular form of any word includes its plural, and vice versa.

## Production

Produce the following documents in Bank of America's possession, custody, or control:

1.   For Account No. 325098591316 and any other accounts in the name of, for the benefit of, or over which Yidan Han exercised control:

   a.   All forms, applications, and other account opening and closing  for each account including signature cards;

   b.   All powers of attorney or any other form of authority with respect to each account;

   c.   All monthly and quarterly account statements for each account from the date of accounting opening through the present;

   d.   An electronic spreadsheet in Microsoft Excel identifying funds transfers over $5,000 into and out of each account, if possible:

   e.   All back-up documents concerning fund transfers over $5,000, including transfer instructions, authorizations, approvals, due diligence of the originator or recipient, wire transfer memoranda and receipts, checks, and electronic transaction records showing the originator or recipient, the originating or receiving account number, and the originating or receiving financial institution;

   f.   Documents sufficient to identify, by name and title, all account representatives assigned to each account since the account(s) was (were) opened;

   g.   All internal and external correspondence related to each account since the date of account operning.

**Subpoena Proviso**

   Provided, however, that there shall not be produced in response to the foregoing Subpoena any original of, copy of, or information known to have been derived from any record maintained by Bank of America in relation to an account in the name of a "customer" other than Yidan Han.  The term "customer" is limited to any individual, sole proprietorship or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of Bank of America, or for whom Bank of America is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name.  The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

## DECLARATION OF [*Insert Name*] CERTIFYING RECORDS
## OF REGULARLY CONDUCTED BUSINESS ACTIVITY

I, the undersigned, [*insert name*], pursuant to 28 U.S.C. § 1746, declare that:

1. I am employed by [*insert name of company*] as [*insert position*] and by reason of my position am authorized and qualified to make this declaration. [*if possible supply additional information as to how person is qualified to make declaration, e.g., I am custodian of records, I am familiar with the company's recordkeeping practices or systems, etc.*]

2. I further certify that the documents [*attached hereto or submitted herewith*] and stamped [*insert bates range*] are true copies of records that were:

   (a) made at or near the time of the occurrence of the matters set forth therein, by, or from information transmitted by, a person with knowledge of those matters;

   (b) kept in the course of regularly conducted business activity; and

   (c) made by the regularly conducted business activity as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct. Executed on [*date*].

_____
[*Name*]

# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

## Supplemental Information for Persons Requested to Supply
## Information Voluntarily or Directed to Supply Information
## Pursuant to a Commission Subpoena

### A. False Statements and Documents

Section 1001 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
>
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

Section 1519 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . ., or in relation to or contemplation of any such matter.

### B. Testimony

If your testimony is taken, you should be aware of the following:

1. *Record.* Your testimony will be transcribed by a reporter. If you desire to go off the record, please indicate this to the Commission employee taking your testimony, who will determine whether to grant your request. The reporter will not go off the record at your, or your counsel's, direction.

2. *Counsel.* You have the right to be accompanied, represented and advised by counsel of your choice. Your counsel may advise you before, during and after your testimony; question you briefly at the conclusion of your testimony to clarify any of the answers you give during testimony; and make summary notes during your testimony solely for your use. If you are accompanied by counsel, you may consult privately.

If you are not accompanied by counsel, please advise the Commission employee taking your testimony if, during the testimony, you desire to be accompanied, represented and advised by counsel. Your testimony will be adjourned once to afford you the opportunity to arrange to be so accompanied, represented or advised.

You may be represented by counsel who also represents other persons involved in the Commission's investigation. This multiple representation, however, presents a potential conflict of interest if one client's interests are or may be adverse to another's. If you are represented by counsel who also represents other persons involved in the investigation, the Commission will assume that you and counsel have discussed and resolved all issues concerning possible conflicts of interest. The choice of counsel, and the responsibility for that choice, is yours.

3. *Transcript Availability.* Rule 6 of the Commission's Rules Relating to Investigations, 17 CFR 203.6, states:

> A person who has submitted documentary evidence or testimony in a formal investigative proceeding shall be entitled, upon written request, to procure a copy of his documentary evidence or a transcript of his testimony on payment of the appropriate fees: *Provided, however,* That in a nonpublic formal investigative proceeding the Commission may for good cause deny such request. In any event, any witness, upon proper identification, shall have the right to inspect the official transcript of the witness' own testimony.

If you wish to purchase a copy of the transcript of your testimony, the reporter will provide you with a copy of the appropriate form. Persons requested to supply information voluntarily will be allowed the rights provided by this rule.

4. *Perjury.* Section 1621 of Title 18 of the United States Code provides that fines and terms of imprisonment may be imposed upon:

> Whoever--
>
> (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify

truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or

(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true.

5.   *Fifth Amendment and Voluntary Testimony.* Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding brought by the Commission or any other agency.

You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you.

If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

6.   *Formal Order Availability.* If the Commission has issued a formal order of investigation, it will be shown to you during your testimony, at your request. If you desire a copy of the formal order, please make your request in writing.

## C. Submissions and Settlements

Rule 5(c) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(c), states:

Persons who become involved in . . . investigations may, on their own initiative, submit a written statement to the Commission setting forth their interests and position in regard to the subject matter of the investigation. Upon request, the staff, in its discretion, may advise such persons of the general nature of the investigation, including the indicated violations as they pertain to them, and the amount of time that may be available for preparing and submitting a statement prior to the presentation of a staff recommendation to the Commission for the commencement of an administrative or injunction proceeding. Submissions by interested persons should be forwarded to the appropriate Division Director or Regional Director with a copy to the staff members conducting the investigation and should be clearly referenced to the specific investigation to which they relate. In the event a recommendation for the commencement of an enforcement proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Commission in conjunction with the staff memorandum.

The staff of the Commission routinely seeks to introduce submissions made pursuant to Rule 5(c) as evidence in Commission enforcement proceedings, when the staff deems appropriate.

Rule 5(f) of the Commission's Rules on Informal and Other Procedures, 17 CFR 202.5(f), states:

In the course of the Commission's investigations, civil lawsuits, and administrative proceedings, the staff, with appropriate authorization, may discuss with persons involved the disposition of such matters by consent, by settlement, or in some other manner. It is the policy of the Commission, however, that the disposition of any such matter may not, expressly or impliedly, extend to any criminal charges that have been, or may be, brought against any such person or any recommendation with respect thereto. Accordingly, any person involved in an enforcement matter before the Commission who consents, or agrees to consent, to any judgment or order does so solely for the purpose of resolving the claims against him in that investigative, civil, or administrative matter and not for the purpose of resolving any criminal charges that have been, or might be, brought against him. This policy reflects the fact that neither the Commission nor its staff has the authority or responsibility for instituting, conducting, settling, or otherwise disposing of criminal proceedings. That authority and responsibility are vested in the Attorney General and representatives of the Department of Justice.

## D. Freedom of Information Act

The Freedom of Information Act, 5 U.S.C. 552 (the "FOIA"), generally provides for disclosure of information to the public. Rule 83 of the Commission's Rules on Information and Requests, 17 CFR 200.83, provides a procedure by which a person can make a written request that information submitted to the Commission not be disclosed under the FOIA. That rule states that no determination as to the validity of such a request will be made until a request for disclosure of the information under the FOIA is received. Accordingly, no response to a request that information not be disclosed under the FOIA is necessary or will be given until a request for disclosure under the FOIA is received. If you desire an acknowledgment of receipt of your written request that information not be disclosed under the FOIA, please provide a duplicate request, together with a stamped, self-addressed envelope.

### E. Authority for Solicitation of Information

*Persons Directed to Supply Information Pursuant to Subpoena.* The authority for requiring production of information is set forth in the subpoena. Disclosure of the information to the Commission is mandatory, subject to the valid assertion of any legal right or privilege you might have.

*Persons Requested to Supply Information Voluntarily.* One or more of the following provisions authorizes the Commission to solicit the information requested: Sections 19 and/or 20 of the Securities Act of 1933; Section 21 of the Securities Exchange Act of 1934; Section 321 of the Trust Indenture Act of 1939; Section 42 of the Investment Company Act of 1940; Section 209 of the Investment Advisers Act of 1940; and 17 CFR 202.5. Disclosure of the requested information to the Commission is voluntary on your part.

### F. Effect of Not Supplying Information

*Persons Directed to Supply Information Pursuant to Subpoena.* If you fail to comply with the subpoena, the Commission may seek a court order requiring you to do so. If such an order is obtained and you thereafter fail to supply the information, you may be subject to civil and/or criminal sanctions for contempt of court. In addition, Section 21(c) of the Securities Exchange Act of 1934, Section 42(c) of the Investment Company Act of 1940, and Section 209(c) of the Investment Advisers Act of 1940 provide that fines and terms of imprisonment may be imposed upon any person who shall, without just cause, fail or refuse to attend and testify or to answer any lawful inquiry, or to produce books, papers, correspondence, memoranda, and other records in compliance with the subpoena.

*Persons Requested to Supply Information Voluntarily.* There are no direct sanctions and thus no direct effects for failing to provide all or any part of the requested information.

### G. Principal Uses of Information

The Commission's principal purpose in soliciting the information is to gather facts in order to determine whether any person has violated, is violating, or is about to violate any provision of the federal securities laws or rules for which the Commission has enforcement authority, such as rules of securities exchanges and the rules of the Municipal Securities Rulemaking Board. Facts developed may, however, constitute violations of other laws or rules. Information provided may be used in Commission and other agency enforcement proceedings. Unless the Commission or its staff explicitly agrees to the contrary in writing, you should not assume that the Commission or its staff acquiesces in, accedes to, or concurs or agrees with, any position, condition, request, reservation of right, understanding, or any other statement that purports, or may be deemed, to be or to reflect a limitation upon the Commission's receipt, use, disposition, transfer, or retention, in accordance with applicable law, of information provided.

### H. Routine Uses of Information

The Commission often makes its files available to other governmental agencies, particularly United States Attorneys and state prosecutors. There is a likelihood that information supplied by you will be made available to such agencies where appropriate. Whether or not the Commission makes its files available to other governmental agencies is, in general, a confidential matter between the Commission and such other governmental agencies.

Set forth below is a list of the routine uses which may be made of the information furnished.

1. To appropriate agencies, entities, and persons when (a) it is suspected or confirmed that the security or confidentiality of information in the system of records has been compromised; (b) the SEC has determined that, as a result of the suspected or confirmed compromise, there is a risk of harm to economic or property interests, identity theft or fraud, or harm to the security or integrity of this system or other systems or programs (whether maintained by the SEC or another agency or entity) that rely upon the compromised information; and (c) the disclosure made to such agencies, entities, and persons is reasonably necessary to assist in connection with the SEC's efforts to respond to the suspected or confirmed compromise and prevent, minimize, or remedy such harm.

2. To other federal, state, local, or foreign law enforcement agencies; securities self-regulatory organizations; and foreign financial regulatory authorities to assist in or coordinate regulatory or law enforcement activities with the SEC.

3. To national securities exchanges and national securities associations that are registered with the SEC, the Municipal Securities Rulemaking Board; the Securities Investor Protection Corporation; the Public Company Accounting Oversight Board; the federal banking authorities, including, but not limited to, the Board of Governors of the Federal Reserve System, the Comptroller of the Currency, and the Federal Deposit Insurance Corporation; state securities regulatory agencies or organizations; or regulatory authorities of a foreign government in connection with their regulatory or enforcement responsibilities.

4. By SEC personnel for purposes of investigating possible violations of, or to conduct investigations authorized by, the federal securities laws.

5. In any proceeding where the federal securities laws are in issue or in which the Commission, or past or present members of its staff, is a party or otherwise involved in an official capacity.

6. In connection with proceedings by the Commission pursuant to Rule 102(e) of its Rules of Practice, 17 CFR 201.102(e).

7. To a bar association, state accountancy board, or other federal, state, local, or foreign licensing or oversight authority; or professional association or self-regulatory authority to the extent that it performs similar functions (including the Public Company Accounting Oversight Board) for investigations or possible disciplinary action.

8. To a federal, state, local, tribal, foreign, or international agency, if necessary to obtain information relevant to the SEC's decision concerning the hiring or retention of an employee; the issuance of a security clearance; the letting of a contract; or the issuance of a license, grant, or other benefit.

9. To a federal, state, local, tribal, foreign, or international agency in response to its request for information concerning the hiring or retention of an employee; the issuance of a security clearance; the reporting of an investigation of an employee; the letting of a contract; or the issuance of a license, grant, or other benefit by the requesting agency, to the extent that the information is relevant and necessary to the requesting agency's decision on the matter.

10. To produce summary descriptive statistics and analytical studies, as a data source for management information, in support of the function for which the records are collected and maintained or for related personnel management functions or manpower studies; may also be used to respond to general requests for statistical information (without personal identification of individuals) under the Freedom of Information Act.

11. To any trustee, receiver, master, special counsel, or other individual or entity that is appointed by a court of competent jurisdiction, or as a result of an agreement between the parties in connection with litigation or administrative proceedings involving allegations of violations of the federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)) or pursuant to the Commission's Rules of Practice, 17 CFR 201.100 – 900 or the Commission's Rules of Fair Fund and Disgorgement Plans, 17 CFR 201.1100-1106, or otherwise, where such trustee, receiver, master, special counsel, or other individual or entity is specifically designated to perform particular functions with respect to, or as a result of, the pending action or proceeding or in connection with the administration and enforcement by the Commission of the federal securities laws or the Commission's Rules of Practice or the Rules of Fair Fund and Disgorgement Plans.

12. To any persons during the course of any inquiry, examination, or investigation conducted by the SEC's staff, or in connection with civil litigation, if the staff has reason to believe that the person to whom the record is disclosed may have further information about the matters related therein, and those matters appeared to be relevant at the time to the subject matter of the inquiry.

13. To interns, grantees, experts, contractors, and others who have been engaged by the Commission to assist in the performance of a service related to this system of records and who need access to the records for the purpose of assisting the Commission in the efficient administration of its programs, including by performing clerical, stenographic, or data analysis functions, or by reproduction of records by electronic or other means. Recipients of these records shall be required to comply with the requirements of the Privacy Act of 1974, as amended, 5 U.S.C. 552a.

14. In reports published by the Commission pursuant to authority granted in the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), which authority shall include, but not be limited to, section 21(a) of the Securities Exchange Act of 1934, 15 U.S.C. 78u(a)).

15. To members of advisory committees that are created by the Commission or by Congress to render advice and recommendations to the Commission or to Congress, to be used solely in connection with their official designated functions.

16. To any person who is or has agreed to be subject to the Commission's Rules of Conduct, 17 CFR 200.735-1 to 200.735-18, and who assists in the investigation by the Commission of possible violations of the federal securities laws (as such term is defined in section 3(a)(47) of the Securities Exchange Act of 1934, 15 U.S.C. 78c(a)(47)), in the preparation or conduct of enforcement actions brought by the Commission for such violations, or otherwise in connection with the Commission's enforcement or regulatory functions under the federal securities laws.

17. To a Congressional office from the record of an individual in response to an inquiry from the Congressional office made at the request of that individual.

18. To members of Congress, the press, and the public in response to inquiries relating to particular Registrants and their activities, and other matters under the Commission's jurisdiction.

19. To prepare and publish information relating to violations of the federal securities laws as provided in 15 U.S.C. 78c(a)(47)), as amended.

20. To respond to subpoenas in any litigation or other proceeding.

21. To a trustee in bankruptcy.

22.  To any governmental agency, governmental or private collection agent, consumer reporting agency or commercial reporting agency, governmental or private employer of a debtor, or any other person, for collection, including collection by administrative offset, federal salary offset, tax refund offset, or administrative wage garnishment, of amounts owed as a result of Commission civil or administrative proceedings.

* * * * *

*Small Business Owners*: The SEC always welcomes comments on how it can better assist small businesses. If you would like more information, or have questions or comments about federal securities regulations as they affect small businesses, please contact the Office of Small Business Policy, in the SEC's Division of Corporation Finance, at 202-551-3460. If you would prefer to comment to someone outside of the SEC, you can contact the Small Business Regulatory Enforcement Ombudsman at http://www.sba.gov/ombudsman or toll free at 888-REG-FAIR. The Ombudsman's office receives comments from small businesses and annually evaluates federal agency enforcement activities for their responsiveness to the special needs of small business.